FERGUSON *v.* STATE.

(In Banc. Nov. 12, 1945.)

[23 So. (2d) 687. No. 35890.]

**Neal Prisock,** of Louisville, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, C. J.**, delivered the opinion of the Court.

This is an appeal from a conviction for driving a motor vehicle on a public road while under the influence of an intoxicating liquor. The appellant's complaints are (1) that his demurrer to the indictment should have been sustained; (2) his request for a directed verdict of not guilty should have been granted; and (3) that the evidence was insufficient to support the verdict. The two latter of these complaints are so wholly without substance as not to require a specific answer thereto. The indictment charged that the appellant "did operate a motor vehicle," etc.; when the statute under which the indictment was found prohibits (a) "any person who is under the influence of intoxicating liquor . . . to drive any vehicle," etc., Code 1942, sec. 8174; and the appellant's complaint, by his demurrer, is that the word "drive," instead of "operate," should have been here used.

One who drives a motor vehicle is, of course, operating it, though he may operate a motor vehicle without driving it. If authority therefor be desired, see 5 Am. Jur., Automobiles, 771, and extensive annotations to the cases there cited. The words "operate a motor vehicle," therefore, includes driving it. In charging a statutory offense in an indictment it is not necessary to use the exact words of the statute, but only their equivalent. See numerous cases cited in Vol. 8 West's Miss. Dig., Indictment and Information, Key No. 110, p. 352, "or words which are of more extensive signification than, or inclusive of, the statutory terms." 42 C. J. S., Indictment and Information, sec. 139, and cases there cited; and in note 2 to 31 C. J. 706.

Affirmed.